GEORGE W. BALDWIN vs. JAMES B. GREGG.

When a defendant withdraws his specification of defence, and goes to trial on the general issue alone, neither the fact of his having filed and withdrawn the specification, nor the averments contained in it, can be given in evidence, or taken into consideration by the jury, for any purpose.

TRESPASS for an assault, battery and false imprisonment. The defendant pleaded the general issue, and filed a specification of defence, containing the matter hereinafter mentioned.

At the trial in the court of common pleas, before Wells, C. J. the defendant, by leave of the court, withdrew his specification of defence, as matter of justification, admitted the assault, &c. and proposed to go to the jury upon the question of damages; stating that he should rely upon proof of the statement made in said specification, in mitigation of damages.   Both

parties introduced witnesses to show the circumstances under which the assault and battery, and the alleged false imprisonment, were committed. The testimony was conflicting; that of the plaintiff's witnesses representing the assault as violent, and accompanied with a charge that the plaintiff had stolen the defendant's dog; and that of the defendant's witnesses representing the assault as trifling and unaccompanied with any such charge. The counsel for the defendant, in his address to the jury, contended that no charge of larceny was made by the defendant, and that, from the evidence, it appeared that the plaintiff was a person whose feelings could not be injured by the treatment which he received from the defendant. The counsel for the plaintiff, in his closing address to the jury, alluded to the specification of defence, as evidence in the case, and argued that the allegation therein contained, and especially the implied, if not direct, charge on the plaintiff, of having stolen the defendant's dog, and the fact that the defendant had thus made this imputation on the plaintiff's character, in writing, tended to show that he had originally charged the plaintiff with stealing, and was evidence of malice. The defendant's counsel objected to this course of argument, and contended that the specification was no longer in the case, for any purpose, and could not be used as evidence on the question of damages.

The judge ruled, that the fact, that the specification had been filed, and the fact that it had been withdrawn, were both properly in evidence, and he instructed the jury, that in estimating the damages, they might consider the filing and the withdrawing of the specification, and give to those facts such weight as they were entitled to receive ; that if the specification was filed in good faith, for the purpose of enabling ·the defendant to present his defence properly to the court and jury, and was withdrawn, on his being satisfied that it was not necessary or proper to file it for that purpose, then the fact of its having been filed and withdrawn should not be allowed to aggravate the damages ; but if the jury should be satisfied that the specification was filed with a design to disgrace the

plaintiff, injure his feelings, or prejudice his case — the de·· fendant knowing, at the time, that the statements made in it could not be proved, or, if proved, would constitute no ground of defence — then the filing of the specification, with such a design, would be a fact which the jury might take into consideration, both as furnishing evidence of malice, and of the purpose for which the assault, battery and false imprisonment were committed ; that the presumption was, that the specification was filed in good faith and for a supposed lawful purpose, and that the burden of proving that it was done maliciously, or for an improper purpose, was on the plaintiff.

The jury found a verdict for the plaintiff, and the defendant alleged exceptions to the foregoing ruling and instructions.

*Buttrick*, for the defendant.

*E. R. Hoar*, for the plaintiff.

SHAW, C. J.   The court are all of opinion, that the fact of the defendant's having filed and withdrawn a specification of defence could not be given in evidence, or taken into consideration by the jury, either in establishing the malice of the defendant, or in estimating the damages.   The pleadings are usually filed by the attorneys ; and they are filed with a view of laying the merits of the respective parties before the court, in a technical form, and can hardly be considered as the act of the parties.   It is not competent for the jury to hear evidence, and inquire and decide whether a specification of de·· fence was filed *bona fide* or *mala fide.*   A bill of particulars filed by a plaintiff, or a specification of defence filed by a defendant, is usually a formal document, drawn up by counsel, after some examination of his client's case, and is made broad enough to cover all which the party can expect, in any event, to prove ; and in most instances, probably, is not seen by the party in whose behalf it is filed.

But the statute is decisive.   By the Rev. Sts. *c.* 100, § 18, "when a defendant shall plead two or more pleas in defence, no averment, confession or acknowledgment, contained in any one of such pleas, shall be used or taken as evidence

against him, on the trial of any issue joined on any other of the same pleas." The specification is in the nature of a plea, and is substituted for it. No " averment " contained in it shall be used as evidence. It is in the nature of a privileged communication. It is a statement, submitted to a court of competent jurisdiction, and which is to be heard and decided upon by the court.

If it be true, that no averment, confession or acknowledgment, made by a party in one plea, shall be used as evidence against him, on the trial of any other on the same record, *a fortiori* shall it not be so used, after it is withdrawn by leave of the court. The case then stands as if no specification had been filed. *Prescott* v. *Tufts*, 4 Mass. 146. The fact that a specification of defence had been filed, and by leave withdrawn, without resorting to the paper itself, to ascertain what averments it contained, would prove nothing. If, therefore, it were admitted as proof, it would be to use those averments as evidence ; which is prohibited by the statute.

*Verdict set aside, and a new trial granted*